# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2021

Lyle W. Cayce
Clerk

No. 20-60144
Summary Calendar

───────────

Edwin Antonio Argueta-Luna,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

───────────────────────

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 155 182

───────────────────────

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Edwin Antonio Argueta-Luna, a native and citizen of El Salvador, seeks review of the denial of his application for withholding of removal and for protection under the Convention Against Torture (CAT). He does not

───────────

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60144

challenge the denial of his asylum claim and has therefore abandoned that claim. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Where, as here, the Board of Immigration Appeals "issued its own opinion and elaborated on its own reasoning," we review only its order without considering the Immigration Judge's decision. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). We review the BIA's legal conclusions de novo and its factual findings for substantial evidence. *Id.* at 517–18.

To qualify for withholding of removal, an applicant must establish that he is more likely than not to be persecuted in the proposed country of removal due to his race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3); *Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019). Argueta-Luna contends that, if removed to El Salvador, he would suffer persecution on account of his membership in the particular social groups consisting of "crime victims" or "retaliation victims" of the MS-13 gang. The BIA determined that these particular social groups are not legally cognizable. Whether a proposed social group is cognizable is a question of law, though it turns on findings of fact. *Cantarero-Lagos v. Barr*, 924 F.3d 145, 150 (5th Cir. 2019).

We have cautioned that particular social groups cannot be circularly defined based on the persecution that their members suffer. A group is not cognizable if it "is defined by, and does not exist independently of, the harm." *Gonzales-Veliz*, 938 F.3d at 232. Nor can particular social groups encompass a wide cross-section of a country's population. *See id.* We have specifically declined to recognize as particular social groups various permutations of groups of individuals who are subjected to gang violence based on their refusal to join gangs or accede to their demands. *Orellana-Monson*, 685 F.3d at 521–22. Under these precedents, Argueta-Luna's

proposed particular social groups are not cognizable, and he is ineligible for withholding of removal.

To qualify for CAT protection, an applicant must establish that he is more likely than not to be tortured if removed to his home country and that the torture would be inflicted or condoned by the state. *Chen v. Gonzales*, 470 F.3d 1131, 1138–39 (5th Cir. 2006); 8 C.F.R. § 1208.16(c). The BIA determined that the record does not support that Argueta-Luna would be tortured by gang members with the acquiescence of a governmental official if removed to El Salvador. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015); *see also Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017) (defining "torture" for purposes of the CAT). His argument that he will be tortured based on generalized social conditions in El Salvador is too speculative to support CAT relief and is insufficient to compel reversal under the substantial evidence standard. *See Ramirez-Mejia*, 794 F.3d at 493–94.

The petition for review is DENIED.